**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JACQUELINE LOU QUARTERMAN,

Plaintiff-Appellant,

v.

BILL BORT, Deputy United States
Marshall,

Defendant,

and

ANNE ZIMMERMAN, Natrona
County Detention Center Contract
Physician; D. C. CHAPMAN,
Natrona County Detention Center
Nurse; J. NATION, Natrona County
Detention Center Nurse,

Defendants-Appellees.

No. 99-8076
(D.C. No. 97-CV-273-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Jacqueline Lou Quarterman is a federal prisoner appearing pro se. Defendant Bill Bort is a federal marshal, and defendants Zimmerman, Chapman, and Nation are on the medical staff of Natrona County Detention Center, where Ms. Quarterman was held for a period of time. Ms. Quarterman filed a civil rights complaint under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants were deliberately indifferent to her serious medical needs, in violation of her Eighth Amendment rights. The district court dismissed Ms. Quarterman's claims against defendant Bort, and granted summary judgment to defendants Zimmerman, Chapman, and Nation. Ms. Quarterman appeals from the grant of summary judgment to defendants Zimmerman, Chapman, and Nation. She does not appeal the district court's dismissal of her claims against defendant Bort. We have jurisdiction under 28 U.S.C. § 1291.

We review the grant of summary judgment de novo, applying the same standard used by the district court. See Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999) (discussing Fed. R. Civ. P. 56(c)). Summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).

A prisoner may establish an Eighth Amendment violation by showing that the jail's medical staff exhibited "deliberate indifference to [her] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is more than mere negligence, however. A negligent failure to provide adequate medical care, even to the point of medical malpractice, does not rise to the level of a constitutional violation. See id. Further, a prisoner's mere disagreement with medical personnel about the care they administered does not establish deliberate indifference. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

We have carefully reviewed the parties' materials and the record on appeal. [1] We are unpersuaded by Ms. Quarterman's assertions of error. As the district court noted in its order, Ms. Quarterman's "recitation of the treatment she received and the documents she herself submitted establish that Defendants [Zimmerman, Chapman, and Nation] were not deliberately indifferent to her medical needs." R. Doc. 34, at 7. Her disagreement with the timing and manner

---

[1] We have not considered exhibit A to Ms. Quarterman's brief on appeal because that material was not presented to the district court. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1475 (10th Cir. 1993).

-3-

of her treatment is insufficient to support a constitutional claim.     See Ramos,
639 F.2d at 575.

Appellees' motion to strike exhibit A to appellant's brief on appeal
is granted.  The judgment of the United States District Court for the District
of Wyoming is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Stephen H. Anderson
Circuit Judge